IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTY L. GRIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>HOWELL & VAIL, LLP; and FORD MOTOR COMPANY,<br><br>    Defendants. | Case No. 2:10-cv-646-EJL-MHW<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

On December 30, 2010, plaintiff Marty Griggs, proceeding *pro se*, filed this complaint against Defendants Howell & Vail, LLP, ("Howell & Vail"), and Ford Motor Credit Company ("Ford"). On February 23, 2011, Ford filed a Motion to Dismiss, or in the alternative, for a More Definite Statement. (Dkt. 8). The Court heard oral argument on Ford's motion on May 18, 2011. Howell & Vail appeared at that hearing, but, since it had no motion pending, presented no argument. At that hearing, Griggs clarified that the complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") only against Howell & Vail, and violations of the Fair Credit Reporting Act ("FCRA") only against Ford.

On May 24, 2011, the Court issued a Report and Recommendation 1) denying

Ford's motion, 2) holding that 15 U.S.C. § 1681s-2(a) does not allow private causes of action and, therefore, Griggs is unable to proceed under that subsection, and 3) providing Griggs thirty days to amend his complaint in order to allege additional facts in support of his claim under 15 U.S.C. § 1681s-2(b). (Dkt. 23). On July 28, 2011, Judge Lodge adopted the Report and Recommendation in its entirety. (Dkt. 37).

On June 24, 2011, Griggs filed a two-page Amended Complaint citing some statutory authority and case law, and asserting that on July 28, 2010, he informed Experian, a credit reporting agency, that he disputed Ford Motor Credit Company's reported debt. (Dkt. 26).

Howell & Vail answered the Complaint on February 24, 2011, (Dkt. 9) and filed a Motion for Summary Judgment on June 15, 2011. (Dkt. 24). Ford has yet to answer the complaint and, instead, filed a second Motion to Dismiss on July 8, 2011. (Dkt. 31). Griggs has filed two motions for summary judgment: one on June 27, 2011, (Dkt. 27) and one on July 27, 2011. (Dkt. 36). His motions for summary judgment address claims that are not raised in either of his complaints. At a November 16, 2011 hearing, all of these motions were argued before the Court.

## I. Background

Plaintiff Griggs alleges that Defendant Ford is inaccurately listed as one of his creditors on his credit report. He further alleges that he has notified Ford several times that this information is inaccurate but that Ford continues to report the alleged debt on his

credit report. Plaintiff contends that his dispute is not the actual alleged debt but the fact that the debt was not validated as required under the FCRA. He also takes issue with the way Howell & Vail has attempted to collect the debt. Plaintiff denies ever having any contractual agreement for credit, loans or services with the "Defendant."[1]

## II.   Motion to Dismiss

### A.   Standard of Law: Rule 12(b)(6) Dismissal

A motion to dismiss under Rule 12(b)(6) will be granted when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In reviewing a complaint under this Rule, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 533, 563 (2007).

A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. This tenet that allegations must be taken as true does not extend

---

[1] Plaintiff Griggs often uses the term "defendant" in his complaint and it is not clear to which defendant he is referring. In this instance, it appears he is referring to Ford Motor Credit Co.

**Report and Recommendation**                                                                                                3

to legal conclusions contained in the complaint. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009). The complaint must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard is not akin to a "probability requirement," but asks more than a sheer possibility that defendant has acted unlawfully. *Iqbal*, 129 S.Ct at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

**B.     Fair Credit Reporting Act**

Judge Lodge's adoption of the Court's Report and Recommendation establishes that Griggs is unable to assert a claim under 15 U.S.C. § 1681s-2(a) because that section does not allow private causes of action. Instead, Griggs may assert a claim under 15 U.S.C.§ 1681s-2(b). Therefore, the Court's analysis of Ford's Motion to Dismiss properly centers on whether, as amended and when construed in a light most favorable to Griggs, the material facts in Griggs' complaint sufficiently allege a set of facts indicating a violation of FCRA § 1681s-2(b) by Ford.[2]

Subsection (b) only applies if the furnisher of information, in this case, Ford, has received notice of a dispute from a credit reporting agency ("CRA"), in this case, Experian. *See* 15 U.S.C. § 1681i(a)(2) (addressing "prompt notice" of dispute by the

---

[2] The accepted practice would have been for Plaintiff Griggs to reassert all of his claims and factual allegations, as well as any additional facts, in a single document, the Amended Complaint. However, since Griggs is proceeding *pro se*, the Court will consider all of the claims and the assertions of fact from both pleadings.

**Report and Recommendation**                                                                                   4

credit reporting agency to the furnisher of information). Once a furnisher receives notice of a consumer's dispute from a CRA, subsection (b) requires the furnisher to do the following: a) conduct an investigation with respect to the dispute, b) review relevant information provided by the CRA, c) report the results of its investigation to the CRA, and d) if the investigation found inaccurate or incomplete information, the furnisher must report those results to all other CRAs to which it had originally reported the inaccurate or incomplete information. 15 U.S.C. § 1681s-2(b). To reiterate, "liability on a furnisher is limited in that an individual consumer cannot state an FCRA claim against a furnisher unless the furnisher receives notice of the disputed information from the CRA and fails to comply with its duties." *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1120 (D. Nev. 2008); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (" . . . Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher."); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007). Therefore, in order to state a valid claim for relief against Ford, Griggs' amended complaint must state facts indicating that 1) he notified a CRA of his dispute, 2) the CRA notified Ford of Griggs' dispute with his credit report, and 3) Ford failed to conduct the requisite investigation upon receipt of that information, or failed to perform the subsequent review or reporting of information that it would have learned as a result of its investigation.

Griggs' amended complaint makes three factual assertions. First, that he contacted Ford, through its attorneys Howell & Vail, via a July 22, 2010 letter. (Dkt. 26 at 1). Second, that he filed "a dispute with the credit bureaus specifically Experian on or about July 28, 2010 and can produce confirmation of the dispute if required during Discovery." *Id.* Third, that he "disputed with the bureau the information of derogatory reporting in [his] Credit Report, reported by the Defendant, As (sic) required under 1681 et seq." *Id.* The Amended Complaint attempts to provide further support for his private cause of action by quoting extensively from *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057 (9th Cir. 2002).

The Court earlier dismissed Griggs' cause of action under § 1681s2-(a), since that section does not provide a private cause of action. Therefore, the Court will analyze his claim as a subsection (b) claim, which is the only way he may assert his claim.[3] As discussed earlier, the Court will consider both the original complaint and the amended complaint, read together, to determine if Griggs has sufficiently alleged a § 1681s-2(b) claim. Of the three factual assertions Griggs makes in his amended complaint, only the second two are relevant to a § 1681s-2(b) allegation: that he filed a dispute with Experian, and that he disputed the Ford Motor Credit debt listed on his credit report. Notably, while he states that he contacted Experian, he does not otherwise support his assertion that he

---

[3] Mr. Griggs quotes from *Nelson* in an attempt "to support his right under 1681s2." The Court directs the parties to its earlier Report and Recommendation (Dkt. 23), which was adopted by Order of Judge Lodge (Dkt. 37), holding that plaintiffs are not afforded a private cause of action under § 1681s-2(a), but instead may only assert a claim pursuant to § 1681s-2(b).

**Report and Recommendation** 6

informed Experian of his dispute. However, in a motion to dismiss, the Court takes his assertions as true and finds that this first element of a § 1681s-2(b) claim is sufficiently alleged.

Griggs' original complaint alleges that he "has requested confirmation/disputed this alleged account with Experian and transunion (sic) on several occasions and Experian and transunion have confirmed that they are reporting it correctly as advised to Experian and transunion by THE CREDITOR." (Dkt. 1 at 6). This statement provides further support for his assertion that he has contacted CRAs in efforts to dispute the Ford debt. At the same time, this statement indicates that when he contacted Experian and Transunion to dispute the Ford debt listed on his credit report, the CRAs responded that they understood themselves to be correctly reporting the debt "as advised" by Ford. Taking Griggs' statement at face value, he is, in effect, conceding that he cannot satisfy a breach of the third element. This is the opposite finding as is required to sufficiently allege the third factual element Griggs must assert, i.e., that Ford did not properly investigate Griggs' debt once a CRA informed Ford of his dispute. This statement indicates that the CRAs informed Ford of Griggs' dispute and that Ford confirmed to them that the debt was accurate.

When the factual allegations in his two complaints are read together, taken as true, and construed in a light most favorable to Griggs, Griggs alleges that he notified CRAs that he disputed the Ford debt on his credit report, that the CRAs informed him that they

**Report and Recommendation** 7

had reported it to Ford, and that Ford's response to them was that the debt was correctly reported. This factual scenario is what the FCRA states is proper conduct by a CRA and furnisher when a consumer credit report dispute is lodged.

The Court notes that Griggs is a *pro se* plaintiff and that if his complaint can be saved by amendment, he should be notified of the deficiencies and given the opportunity to amend. *See Jackson v. Gray*, 353 F.3d 750, 758 (9th Cir. 2003). However, in this instance, Griggs has already been given that opportunity.

Because Griggs has failed to state claim for which relief may be granted under the FCRA, and because this was his second attempt to state this claim, it is recommended that the FCRA claim against defendant Ford be dismissed at this time.

### III. Motion for Summary Judgment

**A. Standard of Law: Rule 56 Summary Judgment**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *See id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or depositions excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). The non-moving party must go beyond the pleadings and show by its "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

**B.     Defendant Howell & Vail's Motion for Summary Judgment: Fair Debt Collection Practices Act**

Ford Motor Credit Company hired Howell & Vail to act as a debt collector in the matters relevant to this case. The following facts are undisputed: on May 21, 2010,

Howell & Vail sent Griggs a letter informing him that it had been retained by Ford to collect a balance of $9,303.65. (Dkt. 24-2 at 4). On June 1, 2010, Howell & Vail received a letter from Griggs dated May 28, 2010, stating that the matter had already been settled with Ford and requesting that Howell & Vail have Ford send Griggs the title to the car which is the source of the debt. (Dkt. 24-2 at 5). On June 2, 2010, Howell & Vail sent Griggs a letter providing a copy of his installment contract with Ford and stating the balance owed. (Dkt. 24-2 at 11-12).

Griggs alleges two counts of violation of the FDCPA, 15 U.S.C. § 1692g, against Howell & Vail. In Count One, Griggs alleges that Howell & Vail acted in violation "by not providing proof of the alleged debt as requested by the Plaintiff's May 28 letter by continuous collection activity prior to validation of the debt." (Dkt. 1 at 3). In Count Two, Griggs states: "Overshadowing the documents sent to the Plaintiff stated to 'review and remit balance in full to the above address' which overshadows the consumer warning on the document." (Dkt. 1 at 3). Howell & Vail move the Court for summary judgment in its favor against both of these counts, as well as summary judgment against Griggs' claim for punitive damages related to these counts.

Section 1692g describes how a debt collector provides notice of and validates a debt. Because § 1692g provides specific and detailed directions to debt collectors and consumers, it is reproduced in relevant part below:

> (a) Notice of Debt: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector

shall, **unless the following information is contained in the initial communication** or the consumer has paid the debt, send the consumer a written notice containing–

>   (1) the amount of the debt;
>   (2) the name of the creditor to whom the debt is owed;
>   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>   (4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt...and a copy of such verification...will be mailed to the consumer by the debt collector; and
>   (5) a statement that, upon consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, **until the debt collector obtains verification of the debt...and a copy of such verification...is mailed to the consumer by the debt collector**. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. (emphasis added).

"At the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is

claiming is owed.'" *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1173 (9th Cir. 2006) (citing *Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)).

In this summary judgment motion, Howell & Vail has the duty to show the Court that it is entitled to judgment as a matter of law because no genuine issues of material fact exist related to these claims. If Howell & Vail makes that showing, the burden then shifts to Griggs to show that genuine issues of material fact do exist which prevent judgment at this time, or that no genuine issues of material fact exist and he is entitled to judgment as a matter of law. In analyzing this motion, the Court draws reasonable inferences in favor of Griggs, the non-moving party.

*Count One*

In Count One, Griggs alleges that Howell & Vail acted in violation of § 1692g "by not providing proof of the alleged debt as requested by the Plaintiffs letter of May 28 by continuous collection activity prior to validation of the debt." (Dkt. 1 at 3). The May 21, May 28, and June 2 letters are all in the record. A review of these letters reflects that Howell & Vail's May 21 letter met all five elements required by the §1692g Notice of Debt provision. While Griggs' May 28 letter did not request verification of the debt, it did deny the existence of the debt by stating that the matter had already been settled. In response, Howell & Vail's June 2 letter provided verification of the debt by including a copy of the contract between Griggs and Ford. The June 2 letter also stated that, "since the debt appears valid, [Howell & Vail] may proceed with legal action."

This series of letters reflects what § 1692g requires of debt collectors and

**Report and Recommendation** 12

consumers. Specifically related to Count One of Griggs' complaint, the June 2 letter provides proper verification of the debt.

In response to this motion, Griggs asserts that Howell & Vail does not have proper personal or firsthand knowledge to support the letters. He also asserts that "documents belonging to a third party are not admissible without a competent fact witness with firsthand knowledge to support the same, it is hearsay." (Dkt. 28 at 1). Griggs contends that the "alleged account documents submitted by defendant Howell & Vail, LLP is (sic) not the question in this case. This case is about the Defendants violation of the DCPA and or the FCRA and their failure to follow those laws when disputed with these defendants." (Dkt. 28 at 2).

The Court finds that Howell & Vail has met its burden of showing that no genuine issues of material fact exist related to Count One. This shifts the burden to Griggs. Even drawing all reasonable inferences in Griggs' favor, he has not produced sufficient evidence indicating that any genuine issues of material fact exist which preclude the Court from granting judgment as a matter of law in favor of Howell & Vail as to Count One. Therefore, it is recommended that the Court grant Howell & Vail's motion for summary judgment as to Count One.

*Count Two*

In Count Two, Griggs states: "Overshadowing the documents sent to the Plaintiff stated to 'review and remit balance in full to the above address' which overshadows the consumer warning on the document." (Dkt. 1 at 3). Griggs does not cite to a specific

**Report and Recommendation** 13

code section or other case law which indicates that a debt collector's statement instructing a consumer to "review and remit balance in full" overshadows a stated statutory consumer warning or that it is a violation of the FDCPA. Moreover, upon review of Howell & Vail's May 21 letter and its June 2 letter, neither letter contains the language "review and remit balance in full to the above address." Instead, both letters instruct Griggs to contact an associate at their office to discuss payment. For each of these reasons, Howell & Vail contends that summary judgment in its favor is proper as to Count Two and that Count Two should be dismissed.

Griggs' response to this motion does not clarify how he understands § 1692g to disallow the review and remit language.

Because Count Two does not make out a valid claim under § 1692g and because the language that Griggs asserts is in Howell & Vail's letters is not in Howell & Vail's letters, it is recommended that the Court grant Howell & Vail's motion for summary judgment as to Count Two.

*Punitive Damages Claims*

The Court's grant of summary judgment on Counts One and Two moots Griggs' claim for punitive damages.[4]

---

[4] Because the punitive damages claim is now moot, the Court will not analyze that claim. However, the Court does note that § 1692g does not allow for punitive damages.

**Report and Recommendation** 14

C.   **Plaintiff Griggs' Two Motions for Summary Judgment**

Plaintiff Griggs filed two motions for summary judgment: one on June 27, 2011 (Dkt. 27) and a second on July 27, 2011 (Dkt. 36).

*Griggs' First Motion for Summary Judgment*

In his first motion, Griggs alleges that Howell & Vail "pulled" his credit report in violation of the FCRA at 15 U.S.C. § 1681q which states that "any person who willfully and knowingly obtains information from a Credit Reporting Agency under false pretenses shall be fined." In support of this assertion, Griggs submits an Equifax Fact Sheet which indicates that Howell & Vail inquired on Griggs' credit history on April 1, 2011. (Dkt. 27-1 at 6).

In response to this motion, Howell & Vail asserts that at the May 2011 hearing Griggs clarified he was asserting only FDCPA claims against Howell & Vail. (Dkt. 23 at 9). Griggs' instant motion alleges that Howell & Vail is in violation of the FCRA because the FCRA does not allow adverse parties to inquire as to each other's credit history once FCRA litigation is underway. Howell & Vail contends that Griggs is estopped from asserting such a claim at this juncture because, while the Court's Report and Recommendation stated that Griggs was granted leave to amend his complaint so that it properly alleged a § 1681s2-b claim, it also stated that no other new claims would be entertained. (Dkt. 23 at 8). Howell & Vail contends that it was not on notice that an FCRA claim was asserted against it and allowing the claim now is in contravention of the Court's Report and Recommendation which was adopted by Judge Lodge.

**Report and Recommendation**                                                                                   15

In an abundance of caution, Ford also responded to Griggs' first motion for summary judgment. In its response, Ford notes that Griggs' motion does not name Ford specifically and does not make allegations against Ford. Rather, the motion references the defendants generally and then goes on to allege FCRA violations against Howell & Vail specifically. Ford notes that Griggs' motion altogether fails to introduce any evidence which implicates Ford in any way. Ford moves the Court for entry of an order denying Griggs' first motion for summary judgment as against Ford.

It is indisputable that this motion for summary judgment improperly alleges a claim that was not previously raised against Howell & Vail and raising it now is in contravention of the Court's earlier ruling. Additionally, as to Ford, there is no proof that Ford has made an inquiry into Griggs' credit history. It is recommended that summary judgment on Griggs' first motion be granted in favor of both defendants.

*Griggs' Second Motion for Summary Judgment*

On July 27, 2011, Griggs filed a second motion captioned "Trial by Jury Demanded" and then entitled "Motion for Summary Judgment" below the line. (Dkt. 36). In this motion, Griggs lists the defendants as "Stephen C. Smith, ISB No. 7336 Hawley Troxell Ennis & Hawley, LLP" and "Ford Motor Credit Company." In the body of the motion, Griggs alleges that Stephen Smith improperly "pulled" his credit report in violation of the FCRA. In paragraph two of his motion, Griggs states that he has provided the court documents which attest to Smith's "pulling" of his credit report; however, he does not attach or otherwise provide documents.

**Report and Recommendation**

Both parties responded to Griggs' second motion for summary judgment. Howell & Vail, though not mentioned in the motion, responded to contest Griggs' attempt to bring a non-party attorney into the proceedings. Attorney Stephen Smith represents Ford in this matter. Smith's response moves the Court to consider sanctioning Griggs pursuant to Federal Rule of Civil Procedure 56(h), which states:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Griggs' second motion for summary judgment is without merit. It alleges a claim against a non-party who also happens to be the attorney representing one of the adverse parties. At oral argument, Plaintiff Griggs conceded that he had no factual basis for his assertion that Smith "pulled" his credit report. Even if Smith were a proper defendant, Griggs provides the Court with no evidence or documentation which in any way supports his claim. It is recommended that Griggs' second motion for summary judgment be denied. It is further recommended that Plaintiff Griggs be ordered to pay Smith's reasonable fees and expenses incurred in responding to this motion for summary judgment.

**RECOMMENDATION**

Based on the foregoing, the Court hereby recommends that:

1)   Defendant Ford Motor Credit Company's Motion to Dismiss, (Dkt. 31),

**Report and Recommendation**                                                              17

filed July 8, 2011, be **GRANTED**;

2) Defendant Howell & Vail's Motion for Summary Judgment, (Dkt. 24), filed June 15, 2011, be **GRANTED**;

3) Plaintiff Griggs' Motion for Summary Judgment, (Dkt. 27), filed June 27, 2011, be **DENIED**;

4) Plaintiff Griggs' Motion for Summary Judgment, (Dkt. 36), filed July 27, 2011, be **DENIED**; and

5) Plaintiff Griggs be ordered to pay attorney Smith's reasonable fees and expenses incurred in responding to Griggs' Second Motion for Summary Judgment.

Written objections to this Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 30, 2011

*[signature]*

Honorable Mikel H. Williams
United States Magistrate Judge